1   Robert F. McCauley (SBN: 162056)
    robert.mccauley@finnegan.com
2   FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
3   3300 Hillview Avenue
    Palo Alto, CA  94304-1203
4   Telephone:    (650) 849-6600
    Facsimile:    (650) 849-6666
5
    *Attorneys for Plaintiff*
6   HANGZHOU CHIC INTELLIGENT
    TECHNOLOGY CO., LTD.
7
                    IN THE UNITED STATES DISTRICT COURT
8
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10
    HANGZHOU CHIC INTELLIGENT                    CASE NO.
11  TECHNOLOGY CO., LTD.,
                                                 **COMPLAINT FOR PATENT**
12                         Plaintiff,            **INFRINGEMENT**

13              v.                               **DEMAND FOR JURY TRIAL**

14  SWAGWAY, LLC,

15                         Defendant.

16  _____

17

18          Plaintiff Hangzhou Chic Intelligent Technology Co. Ltd. ("Chic") states the following as its

19  complaint against Defendant Swagway, LLC ("Swagway"):

20                          <u>**NATURE OF THE ACTION**</u>

21          1.      This is an action for patent infringement arising under the Patent Laws of the United

22  States, 35 U.S.C. § 1 *et seq*., seeking damages and injunctive and other relief under 35 U.S.C. § 281,

23  *et seq*. In particular, this is an action for patent infringement against Swagway for infringing U.S.

24  Patent No. 9,376,155 ("the '155 patent") and United States Design Patent No. D737,723 ("the '723

25  patent"). A true and accurate copy of the '155 patent is attached as Exhibit A. A true and accurate

26  copy of the '723 patent is attached as Exhibit B.

27

28

## THE PARTIES

2.      Plaintiff Chic is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China.

3.      Chic is a high-tech company that designs, manufactures, and sells several products including at least the Chic Smart S1 hoverboard. Chic has been assigned multiple patents in the United States and other jurisdictions for its hoverboard technologies and designs.

4.      Upon information and belief, Swagway is an Indiana domestic limited liability company with its principal place of business at 3431 William Richardson Dr., Suite F, South Bend, IN 46628. Defendant Swagway may be served with process through its registered agent: Sung L. Hyun, 11335 E 400 N, Grovertown, IN 46531.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Swagway at least because Swagway has committed one or more of the infringing acts complained herein in California and in this district. On information and belief, Swagway places infringing products in the stream of commerce with the knowledge, understanding, and expectation that such products will be sold and/or used in California and in this district. Plaintiffs are informed and believe, and on that basis allege, that Swagway derives substantial revenue from the sale of infringing products in this judicial district, expects its actions to have consequences in this judicial district, and derives substantial revenue from its acts in interstate and international commerce. Thus, a substantial part of the events giving rise to Chic's claims occurred and continues to occur in this judicial district.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Swagway is deemed to reside in this district and has substantial, systematic, and continuous contacts with this judicial district. On information and belief, Swagway has committed

acts of infringement in this district and/or has purposefully transacted business involving the accused products in this district including by, among other things, selling, offering to sell, and/or importing products in this district either directly or through intermediaries.

## FACTUAL BACKGROUND

8.     The '155 patent, titled "Electric Balance Vehicle," was duly and legally issued by the U.S. Patent and Trademark Office on June 28, 2016. Chic has all right, title, and interest in the '155 patent as well as the right to sue for, collect, and receive damages for past, present and future infringements of the '155 patent. Chic has owned the '155 patent at all times during Swagway's infringement of the '155 patent.

9.     The '723 patent, titled "Self-Balancing Vehicle," was duly and legally issued by the U.S. Patent and Trademark Office on September 1, 2015. Chic has all right, title, and interest in the '723 patent as well as the right so sue for, collect, and receive damages for past, present and future infringements of the '723 Patent. Chic has owned the '723 patent at all times during Swagway's infringement of the '723 patent.

10.     On information and belief, Swagway makes, offers to sell, sells, and/or imports two-wheel, self-balancing vehicles, including products referred to as its "Hands Free Smart Boards." These include at least the Swagway "Swagway X1," "T1," and "T3" Smart Boards. Swagway makes such products available throughout the United States, including this district, at least through Swagway's websites at www.swagway.com and www.swagtron.com.

11.     On information and belief, Swagway further ships and causes to be shipped the Swagtron Two-wheel, self-balancing vehicles from locations in Asia and from the "Swagway Warehouse" to locations throughout the United States, including this district. For example, the below image from Swagway's website (https://swagtron.com/contact-us/) shows where Swagway ships its products and shows "shipping times from the Swagway Warehouse to [that] location."

3



12.     Swagway's Swagtron T1 User Manual provides the following Diagram of the Swagtron T1 product, which shows that the product has a first and second top cover and a first and second bottom cover disposed symmetrically and rotatable relative to each other:



(T1 User Manual at 12.)

4

13.     Similarly, Swagway's Swagtron T3 User Manual provides the following diagrams of its Swagtron T3 product, which show that the product has a first and second top cover and a first and second bottom cover disposed symmetrically and rotatable relative to each other:



(T3 User Manual at 12.)



(T3 User Manual at 13.)

COMPLAINT FOR PATENT INFRINGEMENT

14.     The following image of a dismantled Swagtron T1 shows that the product includes a first and second inner cover fixed between the top cover and bottom cover disposed symmetrically and rotatable relative to each other:



15.     Similarly, the following image of a dismantled Swagtron T3 shows that the product includes a first and second inner cover fixed between the top cover and bottom cover disposed symmetrically and rotatable relative to each other:



16.     The following image of a dismantled Swagtron T1 shows that the product includes a rotating mechanism fixed between the first inner cover and the second inner cover.

6

1
2
3
4
5
6
7
8
9
10



11    17.    Similarly, the following image of a dismantled Swagtron T3 shows that the product

12   includes a rotating mechanism fixed between the first inner cover and the second inner cover.

13
14
15
16
17
18
19
20
21
22



23    18.    As shown in the images above, both the Swagtron T1 and T3 include two wheels. On

24   information and belief, the two wheels include hub motors fixed in the two wheels.

25    19.    The user manual for the Swagtron T1 states that the product "has 4 sensors below the

26   pedals." (T1 User Manual at 15.) The following image of a dismantled Swagtron T1 shows that the

27   sensors are disposed between the bottom cover and the inner cover:

28

7



20.     The user manual for the Swagtron T3 states that the product "has 4 sensors below the pedals." (T1 User Manual at 18.) The following image of a dismantled Swagtron T3 shows that the sensors are disposed between the bottom cover and the inner cover.



21.     The following image of a dismantled Swagtron T1 shows that the product includes a power supply fixed between the first bottom cover and the first inner cover:

8



22.     Similarly, the following image of a dismantled Swagtron T3 shows that the product includes a power supply fixed between the first bottom cover and the first inner cover:



23.     The below image of a dismantled Swagtron T1 shows that the product includes a controller fixed between the second bottom cover and the second inner cover. On information and belief, the controller is electrically connected with the plurality of sensors, the power supply, and the

9

hub motors, and the controller controls the hub motors to drive the corresponding wheels to rotate according to sensing signals transmitted by the sensors.



24.     The below image of a dismantled Swagtron T3 shows that the product includes a controller fixed between the second bottom cover and the second inner cover. On information and belief, the controller is electrically connected with the plurality of sensors, the power supply, and the hub motors, and the controller controls the hub motors to drive the corresponding wheels to rotate according to sensing signals transmitted by the sensors.



25.     In the eye of an ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '723 patent and Swagway's self-balancing vehicle products, including, for example, the Swagway "Swagway X1" and "Swagtron

T1," are substantially the same, such that the ordinary observer would be deceived into believing that the design of Swagway's products is the same as the design claimed in the '723 patent. The figures below illustrate Swagway's infringement by comparing figures from the '723 patent with images of exemplary Swagway infringing products.

| Chic's '723 Patent | Exemplary Accused Products |
|---|---|
| '723 Patent, Fig. 1 |  Swagway "Swagway X1"  Swagway "Swagtron T1" |
| '723 Patent, Fig. 3 |  Swagway "Swagway X1" Swagway "Swagtron T1" |

11

'723 Patent, Fig. 4



Swagway "Swagway X1"



Swagway "Swagtron T1"

FIG.6



Swagway "Swagway X1"



Swagway "Swagtron T1"

COMPLAINT FOR PATENT INFRINGEMENT



FIG.7

Swagway "Swagway X1"

Swagway "Swagtron T1"

26.     Swagway has had notice of the '155 patent and Chic's allegations of infringement since at least August 5, 2016. In particular, counsel for Swagway sent Chic's counsel a letter discussing the '155 patent and Chic's allegations of infringement against Swagway's products on August 5, 2016.

27.     Swagway has had notice of the '723 patent and Chic's allegations of infringement since at least December 16, 2015. In particular, counsel for Chic sent Swagway a letter discussing the '723 patent and Chic's allegations of infringement against Swagway's products on December 16, 2015.

## FIRST CLAIM FOR RELIEF

### Infringement of the '155 Patent

28.     Chic incorporates by reference paragraphs 1-27 as if fully set forth herein.

29.     Chic is the owner of the '155 patent.

13

30.     On information and belief, Swagway has directly infringed and continues to infringe at least claim 1 of the '155 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing in the United States at least its Swagtron "T1" and "T3" products.

31.     As a result of Swagway's infringement of the '155 patent, Chic has been irreparably injured. Unless such infringing acts are enjoined by this Court, Chic will continue to suffer additional irreparable injury.

32.     As a result of Swagway's infringement of the '155 patent, Chic has suffered, and continues to suffer, damage.

33.     Despite its knowledge of the '155 patent, Swagway has continued to infringe this patent in an egregious and willful manner. Thus, Swagway's actions constitute willful infringement.

## SECOND CLAIM FOR RELIEF

### Infringement of the '723 Patent

34.     Chic incorporates by reference paragraphs 1-27 as if fully set forth herein.

35.     Chic is the owner of the '723 patent.

36.     In violation of 35 U.S.C. § 271, Swagway is now, and has been, directly infringing the '723 patent by making, offering for sale, selling, and/or importing at least the Swagway "Swagway X1" and "Swagtron T1" products in the United States.

37.     In violation of 35 U.S.C. § 271, Swagway is now, and has been, directly infringing the '723 patent by applying the patented design of the '723 patent, or a colorable imitation thereof, to articles of manufacture, including at least the Swagway "Swagway X1" and "Swagtron T1" products, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, including the Swagway "Swagway X1" and "Swagtron T1" products, to which the patented design of the '723 patent or a colorable imitation thereof has been applied.

38.     As a result of Swagway's infringement of the '723 patent, Chic has been irreparably injured. Unless such infringing acts are enjoined by this Court, Chic will continue to suffer additional irreparable injury.

39.     As a result of Swagway's infringement of the '723 patent, Chic has suffered, and continues to suffer, damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chic asks this Court to enter judgment in its favor against Swagway and grant the following relief:

A.     a declaration that Swagway has infringed and is infringing the '155 patent and a final judgment incorporating the same;

B.     an order preliminarily enjoining Swagway and all persons and entities acting in concert with Swagway, from infringing the '155 patent;

C.     an order and judgment permanently enjoining Swagway and all persons and entities acting in concert with Swagway, from infringing the '155 patent;

D.     an award to Chic of actual damages sufficient to compensate Chic for Swagway's acts of patent infringement of the '155 patent, together with prejudgment and postjudgment interest under 35 U.S.C. § 284;

E.     a declaration that Swagway has infringed and is infringing the '723 patent and a final judgment incorporating the same;

F.     an order preliminarily enjoining Swagway and all persons and entities acting in concert with Swagway, from infringing the '723 patent;

G.     an order and judgment permanently enjoining Swagway and all persons and entities acting in concert with Swagway, from infringing the '723 patent;

H.     an award to Chic of total profits made by Swagway from its infringement of the '723 patent pursuant to 35 U.S.C. § 289, or actual damages sufficient to compensate Chic for Swagway's infringement of the '723 patent, together with prejudgment and postjudgment interest under 35 U.S.C. § 284;

I.     a declaration or order finding that Swagway's infringement is willful and an award to Chic of enhanced damages, up to and including trebling of Chic's damages pursuant to 35 U.S.C. § 284, for Swagway's willful infringement of the '155 patent;

COMPLAINT FOR PATENT INFRINGEMENT

J.      a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Chic its reasonable attorney fees, costs, expenses, and interest; and

K.      any further relief that this Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Chic hereby demands trial by jury of all issues so triable by a jury in this action.

Dated:  August 19, 2016

By: _/s/ Robert F. McCauley_
Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:(650) 849-6600
Facsimile: (650) 849-6666

*Attorneys for Plaintiff*
HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO., LTD.

COMPLAINT FOR PATENT INFRINGEMENT