UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>

HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO., LTD.,

              Plaintiff,

    v.

SWAGWAY, LLC,

              Defendant.

</td><td>

Case No. 16-cv-04804-HSG

**ORDER GRANTING DEFENDANT'S
MOTION TO TRANSFER**

Re: Dkt. No. 15

</td></tr>
</table>

Pending before the Court is Defendant Swagway, LLC's ("Defendant" or "Swagway") motion to transfer venue to the Northern District of Indiana. Dkt. No. 15. Plaintiff Hangzhou Chic Intelligent Technology Co., Ltd. ("Plaintiff" or "Chic") opposes the motion. Dkt. No. 28. Having carefully considered the parties' arguments, the Court **GRANTS** Defendant's motion and **TRANSFERS** this action to the Northern District of Indiana for the reasons set forth below.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Both parties design, manufacture, and sell self-balancing vehicles called "hoverboards." *See* Dkt. No. 1 ¶ 3, 10; Dkt. No. 12 at 9-10. Plaintiff is a Chinese corporation with its principal place of business in Hangzhou, China. *See* Dkt. No. 1 ¶ 2. Plaintiff researches, designs, and manufactures its products in Hangzhou, and does not have any employees located outside of China. Dkt. No. 28-1 ¶¶ 4-5. Plaintiff admits that it has "limited" contacts with the United States, though its largest customer is based in California. Dkt. No. 28 at 2; Dkt. No. 28-1 ¶¶ 4-10.

Swagway is an American limited liability company with its principal place of business in South Bend, Indiana. *See* Dkt. No. 1 ¶ 4. Its South Bend office is Swagway's sole U.S. facility. *See* Dkt. No. 35-1 ¶ 5. Defendant's managing member, Johnny Zhu, resides in South Bend. *Id.*

---

[1] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b).

¶ 1. In addition, one of Defendant's distributors, 3B-Tech, Inc. ("3B-Tech"), and four 3B-Tech employees who are potential third-party witnesses, are all located in South Bend. *Id.* ¶¶ 6, 7, 11. Defendant manufactures its products through third parties in China. *Id.* ¶ 16.

Plaintiff filed the present action in this district on August 19, 2016, for patent infringement arising under 35 U.S.C. § 1 *et. seq. See* Dkt. No. 1. Plaintiff seeks damages, injunctive relief, and other relief for the alleged infringement of United States Patent Nos. 9,376,155 (entitled "Electric Balance Vehicle") and D737,723 (entitled "Self-Balancing Vehicle"). *See id.* ¶ 1, 5, 8-9.

Defendant answered the complaint on August 26, 2016. Dkt. No. 12. The same day, Defendant filed a complaint against Plaintiff in the Northern District of Indiana alleging unfair competition under federal and state laws, tortious interference with business relationships, and defamation (the "Indiana Action"). *See* Dkt. No. 36. Defendant then filed a motion to transfer venue from this district to the Northern District of Indiana on September 2, 2016, on the basis of forum non conveniens. Dkt. No. 15. Plaintiff responded on September 23, 2016, Dkt. No. 28, and Defendant replied on October 7, 2016, Dkt. No. 35. However, because Defendant included new information in its reply regarding potential witnesses, the Court waived the deadline to file an objection to Defendant's reply under Civ. L.R. 7-3(d)(1), and Plaintiff filed an objection on November 15, 2016. *See* Dkt. Nos. 44, 51.

## II.  LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When ruling on a motion to transfer under § 1404(a), courts consider "both public factors [that] go to the interests of justice[,] and private factors, which go to the convenience of the parties and witnesses." *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008). Private interest factors include "ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses." *Id.* Public interest factors

include "degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty." *Id.* at 820. It is the moving party's burden "to show that when these factors are applied, the balance of convenience clearly favors transfer." *Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-cv-05227-WHO, 2014 WL 1365491, at *5 (N.D. Cal. Apr. 7, 2014).

## III.     ANALYSIS

### A.     The Action Could Have Been Brought In the Northern District of Indiana

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Plaintiff does not dispute that this action could have been brought in the Northern District of Indiana. Because Defendant designs, researches, and tests its products in South Bend, Indiana, where its sole and principal place of business is located, s*ee* Dkt. No. 35, Defendant is subject to personal jurisdiction in the state of Indiana, and the Court finds that this part of the analysis is satisfied.

### B.     Private Interest Factors

#### i.     Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum is entitled to substantial deference. *See E&J Gallo Winery v. F. & P. S.p.A*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed."). However, "a plaintiff's choice of forum is afforded less deference when the facts giving rise to the action have little connection to the forum of original selection." *Gelber v. Leonard Wood Memorial For Eradication of Leprosy*, No. C 07-01785 JSW, 2007 WL 1795746, at *3 (N.D. Cal. June 21, 2007) (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.")). Because the parties do not assert that the facts giving rise to the present action have any connection to this district, the Court affords Plaintiff's choice of forum little weight and finds this factor to be neutral.

### ii. Ease of Access to Sources of Proof

Defendant argues that if this action were transferred to Indiana, its facility, documents, and witnesses would be "more readily available and accessible to the parties." Dkt. No 15 at 5. It further contends that it would be able to use the 3B-Tech warehouse to disassemble the accused products, that the lithium batteries in its products make transferring them by air difficult, and that because Plaintiff is based in China, it would be no more difficult for Plaintiff to transfer its proof to Indiana than to this district. *See id.*; Dkt. No. 35 at 5. However, aside from mentioning that it would be able to disassemble its product in the 3B-Tech warehouses, Defendant does not explain why access to 3B-Tech's facility would weigh in favor of transfer or why it would be unable to disassemble its products in this district instead. In addition, "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." *David v. Alphin*, No. 06-cv-04763, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007). Finally, while it may be true that Swagway's hoverboards house a lithium battery that is difficult to transfer via air service, Defendant does not clarify why it could not ship its product via ground service. *See* Dkt. No. 28 at 8. Nevertheless, because the Court does not believe it would be substantially more difficult for Plaintiff to transfer its proof to Indiana rather than to this district, the Court finds this factor to be neutral.

### iii. Convenience to Parties

The law requires this Court "to examine the convenience of all the parties, not just the plaintiff—and to try to identify the forum where the net inconvenience (to all parties) would be least." *Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB, 2008 WL 508477, at *6 (N.D. Cal. Feb. 22, 2008). Transfer is inappropriate where it would "would merely shift rather than eliminate [] inconvenience" to the parties. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Generally, a plaintiff's choice of forum is entitled to less deference when it is only "'relatively' the most convenient forum, but not its home forum." *Id.*

Plaintiff argues that litigating this action in this district would be more convenient than doing so in Indiana because there are more non-stop flights from Beijing and Shanghai to California than to Chicago. *See* Dkt. No. 28 at 8-9. Plaintiff further argues that flying into

4

Chicago's international airport would require Plaintiff and its witnesses to drive more than 90 miles to reach the Indiana courthouse. *See id.* at 6-7.

Defendant argues that the Northern District of Indiana is a more convenient forum because Swagway's principal place of business, products, documents, key witnesses, and managing member, Mr. Zhu, are all located in Indiana. *See* Dkt. No. 35 at 1. Defendant also contends that as a Chinese corporation, Plaintiff will be inconvenienced whether the case is tried in this district or in Indiana, as it will have to travel a significant distance either way.[2]

Given this district's (arguably) marginally greater convenience for Plaintiff and Indiana's clearly greater convenience for Defendant, the Court finds that this factor weighs in favor of transfer.

### iv.    Convenience to Witnesses

Convenience to witnesses "is often the most important factor considered by the court when deciding a motion to transfer for convenience." *Kannar v. Alticor, Inc.*, No. 08-cv-05505-MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) (internal quotation marks omitted). When considering this factor, courts should give primary consideration to third-party, as opposed to employee, witnesses. *Id.*

Defendant contends that "the majority of Swagway's material witnesses work and/or reside in South Bend, Indiana and/or the surrounding area." Dkt. No. 15 at 5; Dkt. No. 15-1 ¶ 7. Defendant specifically identifies five witnesses likely to testify at trial, including Swagway employee, Johnny Zhu, and four third-party witnesses who "are involved in the design, development, testing, shipping, sales[,] and marketing of Swagway's accused products" through their work at 3B-Tech. Dkt. No. 35-1 ¶ 11. Defendant contends that this third-party witness testimony will be "critical to the central allegations of patent infringement in this action," as these witnesses will focus on the sales and marketing, shipping, warehousing, customer service, design and development, and testing of Defendant's products. Dkt. No. 35 at 4; Dkt. No. 35-1 ¶¶ 11-12.

---

[2] While Plaintiff contends that because Mr. Zhu "signed both of his declarations from China" "Swagway has not shown that his travel to this forum would actually be inconvenient," the fact that Mr. Zhu "presumably travels for business" has no bearing on the Court's analysis here. *See* Dkt. Nos. 28 at 5, 51 at 2.

Plaintiff contends that although all of its potential witnesses are Chic employees who reside in China, "Swagway's affirmative defenses and counterclaims implicate a number of third parties for whom this district is more convenient." Dkt. No. 28 at 6. Plaintiff argues that these witnesses include employees at Swagway's manufacturer, which is located in China, and employees at a company called Inventist, Inc., which is based in Camas, Washington, on whose actions Swagway's affirmative defense of inequitable conduct is partially based. *See* Dkt. No. 28 at 7. Plaintiff does not, however, explain the importance of these potential witnesses' testimony, or even what they may be called to testify about. In addition, while Plaintiff has identified some potential third-party witnesses who may be inconvenienced by travel to Indiana, none of those individuals reside in the Northern District of California. For this reason, the inconvenience of traveling to Indiana is not meaningfully different than the inconvenience of having to travel to this district. The same is true of Plaintiff's party witnesses, all of whom reside in China and would therefore have to travel a significant distance whether the case is tried in California or Indiana.

In contrast, should transfer be denied, there is a considerable risk of inconvenience to the four third-party witnesses identified by Defendant as 3B-Tech employees, all of whom reside in Indiana and are expected to testify regarding the design and development of the allegedly infringing products. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) ("[T]he district court improperly focused on the number of witnesses in each location. Instead, the court should have examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum."). The Court therefore finds that this factor weighs in favor of transfer.

### C. Public Interest Factors

#### i. Local Interest Factors

This factor takes into account the current and transferee forums' interests "in having localized controversies decided at home." *Decker*, 805 F.2d at 843. Here, it appears that the accused activity occurred in Indiana, where Defendant asserts that its products are researched, designed, developed, tested, stored, and sold out of its Indiana facility in collaboration with its distributor, 3B-Tech. *See* Dkt. Nos. 15 at 6, 35 at 6. While Plaintiff attempts to minimize

6

Defendant's contacts with Indiana because its products are manufactured in China, the Court finds this argument unpersuasive in light of Defendant's clearly significant ties to the state.

In addition, neither party appears to have significant ties to California, let alone the Northern District. Plaintiff states that its only ties to California are that (1) its largest customer is based in City of Industry, California, which is located in the Central District of California; and (2) its only "employee who travels regularly to the United States . . . regularly meets with customers in California." Dkt. No. 28 at 9. Similarly, Defendant contends that its only contacts with California are that (1) it ships products all over the United States, including to customers in California; (2) its email service provider is located in City of Industry, California; and (3) its general counsel is located in Irvine, California (also in the Central District). *See* Dkt. No. 35 at 1, 7. Given Defendant's significant ties to Indiana, and both parties' lack of ties to this district, the Court finds this factor weighs heavily in favor of transfer.

### ii. Familiarity With Patent Law

Patent claims are governed by federal law, with which all federal courts are familiar. *See In Re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed Cir. 2008) (finding that the district court correctly concluded that both the transferor and the transferee federal courts were equally capable of applying patent law to infringement claims). Accordingly, the Court finds this factor neutral.

### iii. Judicial Economy

"Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide [several] claims clearly furthers that objective." *In re Google*, 412 F. App'x 295, 296 (Fed. Cir. 2011); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (9th Cir. 1989) (stating that "[t]he 'interest[s] of justice' include such concerns as . . . trying related litigation together . . ."). "[W]here substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 1081, 1089 (S.D. Cal. 2002). However, preference for the court of the first-filed suit "is a starting point and a district court may in its discretion dismiss or transfer a first-

filed suit in favor of the later-filed action." *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10–4645 RS, 2011 WL 227671, at *2 (N.D. Cal. Jan. 24, 2011).

Defendant argues that because the Indiana Action alleges Plaintiff made "false and misleading statements in press releases, emails, and letters," discovery for the two claims will "likely overlap, resulting in unnecessarily higher litigation costs to both Chic and Swagway." Dkt. No. 35 at 8. Plaintiff argues that the Indiana Action asserts claims that were required to have been filed in the present action as compulsory counterclaims. Dkt. No. 28 at 11. Plaintiff further argues that Defendant should not be allowed to "game the venue analysis by filing a second case in its desired forum and use the existence of the second case to bolster its argument in a transfer motion filed in the first case." *Id.* Without deciding whether the claims Defendant raised in the Indiana Action were required to be filed as compulsory counterclaims in this action, the Court finds Plaintiff's argument persuasive. And while it is in the interest of judicial economy to try related cases together, the Northern District of Indiana could transfer the Indiana Action to this district should the Court deny Defendant's motion to transfer.[3] This factor is therefore neutral.

### D. Transfer to the Central District of California

Plaintiff alternatively requests that this case be transferred to the Central District of California rather than to the Northern District of Indiana, given that "Chic's largest customer is in City of Industry[, California] and Swagway's General Counsel is in Irvine, California." Dkt. No. 28 at 11. However, these arguments are unpersuasive since Chic's customer is in no way associated with this action. In addition, for the reasons discussed above, the basis for transferring this case to the Northern District of Indiana is substantially stronger than Plaintiff's proffered basis for transferring the case to the Central District of California in any event.

## IV. CONCLUSION

Having carefully considered each of the foregoing factors, the Court finds that Swagway

---

[3] Defendant's later-filed action is currently stayed pending this Court's decision on Defendant's motion to transfer because the Judge in that action found that "[a]ll of the parties seem to agree that it makes sense to litigate the patent infringement claims and the unfair competition and defamation claims in the same court, in front of the same judge." *See Swagway, LLC v. Hangzhou Chic Intelligent Tech. Co., Ltd.*, No. 3:16-CV-567- PPS-MGG, at *3 (N.D. Ind. Oct. 14, 2016).

has established that this action should be transferred to the Northern District of Indiana. The Court therefore **GRANTS** Defendant's motion and **TRANSFERS** the entire action to the Northern District of Indiana. The Court **VACATES** all existing deadlines in the matter pending assignment of this matter to a judge of that District. The Clerk of this Court is **DIRECTED** to transfer the case to the Northern District of Indiana, and to close this file.

     **IT IS SO ORDERED.**

Dated:  4/21/2017

                                 HAYWOOD S. GILLIAM, JR.
                                 United States District Judge